UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATREATA C.,

                                                                                          DECISION AND ORDER

                            Plaintiff,

                                                                                         20-CV-6255L

               v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On June 10, 2013, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since June 23, 2010. (Administrative Transcript, Dkt. #9 at 8, 849). Her applications were initially denied. Plaintiff requested a hearing, which was held September 9, 2015 before Administrative Law Judge ("ALJ") Connor O'Brien. The ALJ issued an unfavorable decision on February 10, 2016 (Dkt. #9 at 8-18). Plaintiff appealed, and the matter was remanded by consent for further proceedings.

        The ALJ held a second hearing on May 8, 2019, at which plaintiff, vocational expert Dawn Blythe, and impartial medical expert Dr. Mike Buckwalter testified. The ALJ issued a new decision on December 26, 2019, finding plaintiff not disabled. (Dkt. #9 at 849-62). That decision became

the final decision of the Commissioner when the Appeals Council denied review on December 26, 2019. (Dkt. #9 at 846-48). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved (Dkt. #17) for judgment on the pleadings. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Initially, the ALJ determined that plaintiff had engaged in substantial gainful activity from June 23, 2010 through July 1, 2011. As such, the ALJ considered only whether plaintiff had demonstrated disability commencing on or after July 1, 2011.

The ALJ summarized plaintiff's medical records, and concluded that plaintiff's severe impairments consisted of obesity, diabetes, recurrent migraine headaches, degenerative joint disease of the left hip, left shoulder arthropathy, degenerative disc disease of the lumbar spine and cervical spine, sciatica, fibromyalgia, depression, hypertension and sleep apnea. (Dkt. #9 at 852).

Applying the special technique for mental impairments, the ALJ concluded that plaintiff has no limitation in understanding, remembering, or applying information, a mild limitation in

interacting with others, a moderate limitation in concentration, persistence and pace, and a mild limitation in adapting or managing herself. (Dkt. #9 at 853-54).

Plaintiff was forty-two years old on the revised onset date, and has past relevant work as a telephone solicitor, hospital cleaner, customer service representative, hand packager, electronic assembler, and aide for the intellectually disabled. (Dkt. #9 at 861). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: she requires a sit/stand option that allows her to change positions after every 60 minutes of sitting, or 30 minutes of standing or walking, for up to 5 minutes. She cannot climb ropes, ladders, or scaffolds, perform work overhead, or balance on narrow, slippery, or moving surfaces. She can occasionally stoop, crouch, climb stairs, kneel, and crawl. She can occasionally push and pull. She can tolerate occasional exposure to light that is brighter than office light, and can work with moderate noise, as defined in the DOT, such as office, grocery or light traffic noise. She must avoid hazards, including unprotected heights and open waters. She requires up to three additional, short, less-than-5-minute, unscheduled breaks, in addition to normal scheduled breaks. She can adjust to occasional changes in the work setting, and make work-related decisions. She can work to meet daily goals, but cannot maintain an hourly, machine-driven, assembly line production pace. (Dkt. #9 at 855).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations could perform plaintiff's past relevant work as a customer service representative and/or telephone solicitor. (Dkt. #9 at 861-62). The ALJ accordingly found plaintiff not disabled.

## I.     Medical Opinions of Record

Pursuant to the applicable regulations, the opinion of a treating physician is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir.2003); *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §§ 404.1527(d); 416.927(d).

When controlling weight is not given to a treating physician's opinion, the ALJ must explain his or her reasons for the weight that is assigned. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand")(internal quotations omitted). In so doing, "the ALJ cannot arbitrarily substitute his [or her] own judgment for competent medical opinion," nor may the ALJ "set his [or her] own expertise against that of a physician who [submitted an opinion or] testified." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir.1998).

The record contained four opinions from plaintiff's treating internist, Dr. Tai Nguyen, rendered between June 24, 2014 and March 28, 2019. Dr. Nguyen treated plaintiff approximately every 4-6 months beginning in or around 2010. He noted diagnoses of lower back pain, right hip pain, hypothyroidism, arthritis, and fibromyalgia, and generally indicated that plaintiff's lower back pain resulted in abnormal gait, heel/toe walk, and squat. He opined that plaintiff was very limited (defined as able to perform only 1-2 hours per day) in walking, standing, sitting, pushing,

pulling, bending, and lifting/carrying. She can lift less than ten pounds and only rarely, and can never twist, stoop, crouch or squat, climb ladders, or climb stairs. She must be able to change positions at will. Dr. Nguyen further indicated that plaintiff's depression exacerbated her symptoms, and that her pain and functional limitations would increase if she worked full-time. Finally, Dr. Nguyen opined that plaintiff would be off task more than 30% of the workday, would need an unscheduled break every 30 minutes, would require an assistive device while standing or walking, and would miss 4 or more days per month of work. (Dkt. #9 at 434-37, 438-41, 451-54, 1280-86).

The ALJ gave "little" weight to Dr. Nguyen's opinions, reasoning that although Dr. Nguyen was a treating source who had examined plaintiff multiple times, "[t]reatment notes do not demonstrate that the claimant had the highly restrictive exertional and non-exertional limitations that [Dr. Nguyen] opined." (Dkt. #9 at 858). Specifically, the ALJ observed that examination notes tended to show normal results prior to July 1, 2015, when plaintiff was in a motor vehicle accident, and that even after the accident, examinations showed full strength in all extremities and normal gait. *Id*. The ALJ also relied upon the testimony of reviewing medical expert Dr. Buckwalter, who had testified at the hearing that he believed Dr. Nguyen's assessments concerning plaintiff's time off-task, absenteeism, and distractions due to pain, were not based on personal observations but on a "best guess." *Id*.

The ALJ likewise gave little weight to two opinions by consulting physician Dr. Harbinder Toor, who examined plaintiff on August 30, 2013 and June 5, 2018 (Dkt. #9 at 400-403, 1129-40). Dr. Toor found that plaintiff's squat and lumbar spinal range of motion were limited. At the first examination, he noted tenderness and swelling in the ankles and feet. At the second, he noted positive straight leg raising tests both sitting and supine, along with sensory deficits in the left arm

and leg, and limited range of motion in the left shoulder. Combining the limitations indicated in both opinions, Dr. Toor found that plaintiff had "moderate" limitations in standing, walking, sitting, twisting (of the cervical spine), bending and lifting, as well as "moderate" limitations in pushing, pulling and reaching with the left arm. *Id.* The ALJ gave Dr. Toor's opinions "partial" weight, finding that the record did not support "less than sedentary" exertional or postural limitations. (Dkt. #9 at 859).

The ALJ also gave little weight to RFC reports by treating internist Dr. Sara Ahmed (Dkt. #9 at 1190-93), and treating physician's assistant Stephanie Hanzlik (Dkt. #9 at 1176-80, 1194-98), both of whom described significant exertional and postural limitations. In so doing, the ALJ noted in conclusory fashion that they were not supported by treatment notes. (Dkt. #9 at 858).

Initially, the ALJ's finding that plaintiff's treatment notes do not support the limitations opined by her treating and examining physicians overlooks evidence of record. Such evidence includes treatment records beginning in and after 2010 for arthritis-related back and hip pain "aggravated by sitting, standing and walking," MRI reports showing a L2/3 disc protrusion and moderate foraminal stenosis at L4/5, imaging studies showing mild to moderate degenerative changes in the left hip, and objective findings of 16/18 trigger points associated with fibromyalgia. (Dkt. #9 at 443, 845). *See also* Dkt. #9 at 376, 378, 381, 386. In 2013, plaintiff treated with a pain specialist, who described plaintiff's course of therapy as having included opioid medications, physical therapy, transcutaneous electrical nerve stimulation ("TENS"), massage therapy, heat therapy, and epidural steroid injections, which provided only fleeting relief. (Dkt. #9 at 444, 446, 448).

Moreover, it is unclear how the ALJ could have reasonably concluded that plaintiff's treatment notes contained sufficient objective findings to undermine the limitations that her

6

treating sources opined. The record contains scant notes from Dr. Nguyen, the majority of which were authored by other providers who treated plaintiff for unrelated medical issues and do not contain any comprehensive physical examinations or objective findings. (Dkt. #9 at 356-99). The record contains no discernible records from Dr. Ahmed.

Although the Commissioner argues that Dr. Buckwalter's hearing testimony furnished substantial evidence in support of the her highly-specific RFC finding, as well as a "good reason" for the ALJ's rejection of the opinions of plaintiff's treating physicians, the Court disagrees.

It is well settled that even where a non-examining opinion is afforded some degree of weight, "it alone cannot be considered substantial evidence, nor can it constitute a 'good reason' for the limited weight given to a treating source opinion." *Daniels v. Commissioner*, 2020 U.S. Dist. LEXIS 197725 at *15 (W.D.N.Y. 2020)(quoting *Tammy H. v. Commissioner*, 2019 U.S. Dist. LEXIS 148222 at *29-*30 (N.D.N.Y. 2019)). *See also Perrone v. Commissioner*, 2020 U.S. Dist. LEXIS 114278 at *8 (W.D.N.Y. 2020) (same). As such, Dr. Buckwalter's testimony – which consisted primarily of speculating that Dr. Nguyen's opinions were based in part on "guess[work]," and replying affirmatively when the ALJ described the RFC finding she had formulated and asked if it was consistent with plaintiff's abilities – did not furnish substantial evidence to support that finding, or furnish a "good reason" for discounting the opinions of plaintiff's treating physicians.

"While the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' [the ALJ] cannot simply selectively choose evidence in the record that supports his [or her] conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (*quoting Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). By rejecting the opinions of every treating or examining source in the record on the basis of alleged inconsistencies

with treatment notes and with the opinion of a non-examining medical expert, I find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Because the ALJ failed to apply the requisite standards in considering the medical opinions of record, and because the record does not necessarily provide "persuasive proof of disability," remand for further proceedings – and not for the calculation and payment of benefits – is the appropriate remedy. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #14) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should reassess the evidence of record, contacting medical sources for clarification or soliciting additional consulting opinions where appropriate, and should render a new decision which provides a detailed explanation of the evidence of record supporting the ALJ's findings, identifies the weight given to each medical opinion of record, applies the treating physician rule, and explains the reasons that opined limitations are adopted or rejected.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 16, 2021.